UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JUAN BAUTISTA PION,

Plaintiff,

v.

ROBERT K. OLSON, L. HOLLAND, CHRIS BENSON, AMY KLOBUCHAR, and JAMES PSOMAS,

Defendants.

Civil No. 00-2631 (JMR/JGL)

**ORDER**

Plaintiff, a prisoner at the Orleans Correctional Facility in Albion, New York, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. His complaint was not accompanied by the $150 filing fee, however, as required by 28 U.S.C. § 1914(a). Instead, Plaintiff submitted a request for leave to proceed in forma pauperis, (IFP), (Docket No. 2), which is now before the Court.

The Court finds that Plaintiff is eligible for IFP status, and his IFP application will therefore be GRANTED. This means that Plaintiff will be excused from pre-paying the full filing fee for this action. However, he still will be required to pay the unpaid balance of the filing fee, (in this case, the full $150), in installments, pursuant to 28 U.S.C. § 1915(b)(2). See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("the purpose of the [Prison Litigation Reform Act] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). The Clerk of Court shall provide notice of this requirement to prison authorities at the Orleans Correctional Facility.

FILED DEC 08 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Because IFP status is granted, Plaintiff is entitled to have the Defendants served by the U.S. Marshal. (See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).) However, Marshal service cannot be accomplished at this time, because Plaintiff has failed to submit a proper request for such service. More specifically, he has not indicated where each of the Defendants can be served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). To cure this deficiency, Plaintiff must submit one properly completed Form USM-285 (marshal service form) for each Defendant to be served. If he does not satisfy this requirement by January 5, 2001, he will be deemed to have abandoned his action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal. However, the Marshall will be required to serve only those Defendants for whom Plaintiff has submitted a properly completed Marshal service form (USM-285). The Clerk of Court will be directed to send Plaintiff five blank copies of Form USM-285, (one for each named Defendant), with this order.

The Court will defer any ruling on the adequacy of Plaintiff's pleading. (See 28 U.S.C. § 1915A.) Those Defendants upon whom service of process is effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this order shall be served with the summons and complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action -- namely the full $150 -- in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to prison authorities at the institution where Plaintiff is confined;

3. On or before January 5, 2001, Plaintiff shall file one completed Form USM-285 for each Defendant to be served, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b);

4. The Clerk of Court shall send Plaintiff five blank USM-285 forms with his copy of this order;

5. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on those Defendants for whom Plaintiff has submitted a properly completed Marshal service form;

6. A copy of this order shall be served with the summons and complaint; and

7. Those Defendants on whom service of process is effected shall be required to file a response to the Complaint.

Dated: December 8, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge