**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**JUAN BAUTISTA PION,**

Plaintiff,

v.

**ROBERT K. OLSON, L. HOLLAND, CHRIS BENSEN, AMY KLOBUCHAR, JAMES PSOMAS,**

Defendants.

Civil No. 00-2631 (PAM/JGL)

**REPORT AND RECOMMENDATION**

APPEARANCES

Plaintiff Juan Bautista Pion, pro se.

Peter William Ginder, Esq., for Defendants Robert K. Olson, L. Holland, and Chris Bensen.

Toni A. Beitz, Esq., for Defendant Amy Klobuchar.

Stephen Kitzinger, Esq., for Defendant James Psomas.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Plaintiff's Motion for Return of Forfeiture (Doc. No. 10), Defendant Amy Klobuchar's Motion to Dismiss (Doc. No. 7), Defendant James Psomas's Motion to Dismiss (Doc. No. 15), and Defendants Robert K. Olson, L. Holland, and Chris Bensen's Motion to Dismiss (Doc. No. 18). This matter has been referred to the

FILED JUL 27 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. BACKGROUND

Plaintiff Juan Bautista Pion, pro se, is currently incarcerated in New York. In this action brought pursuant to 42 U.S.C. § 1983, Plaintiff claims that Defendants violated his constitutional due process rights by depriving him of seized property without notice. On November 4, 1997, Plaintiff was arrested and charged with a drug-related crime.[1] The same day, the Minneapolis Police Department seized $1,620 in cash and a 1994 Jeep Cherokee from Plaintiff. On November 5, 1997, the Minneapolis Police Department seized a 1992 Isuzu Rodeo, a Colt revolver, and $750 cash. Plaintiff claims that he did not receive notice that his property would be forfeited within sixty days if he did not demand judicial review within that same period as detailed in Minn. Stat. § 609.5314. Plaintiff contests the validity and constitutional sufficiency of documents produced by Defendants that indicate Plaintiff did receive this notice on the grounds that these documents do not bear Plaintiff's signature or other proof of receipt by Plaintiff. Plaintiff contends that the first notice he received was on February 18, 1998, after the forfeiture had been completed. Plaintiff claims that sometime during February 1998 he authorized an agent to reclaim his property, but the agent and Plaintiff's

---

[1] The record indicates that Plaintiff has been incarcerated continuously since his arrest on November 4, 1997.

attorney were informed by the Drug Enforcement Agency that the property could not be reclaimed because it was being held as evidence in a pending investigation and that only the Plaintiff himself could recover the property. On April 7, 1998, the case against Plaintiff was dismissed. In or about August 1998, Plaintiff was transferred to a State of New York detention facility on unrelated charges. On May 24, 1999, in response to a letter from Plaintiff, the Hennepin County Attorney's Office informed Plaintiff that his property had been forfeited and disbursed as authorized by Minn. Stat. § 609.5314.

Defendants Robert K. Olson, L. Holland, and Chris Bensen move for Fed. R. Civ. P. 12(b)(6) or 56 dismissal claiming that the statute of limitations has run on Plaintiff's 42 U.S.C. §1983 claim. Defendant Amy Klobuchar moves for Fed. R. Civ. P. 12(b)(6) or 56 dismissal claiming that she was a private citizen at the time of the alleged unconstitutional acts and cannot be held personally liable for the acts of prior Hennepin County Attorneys. Defendant Klobuchar further claims that neither the Hennepin County Attorney nor the Hennepin County Attorney's Office is a legal entity capable of being sued. Defendant James Psomas moves for Fed. R. Civ. P. 12(b)(6) dismissal claiming that he was not a party to the alleged unconstitutional acts. Plaintiff filed a response only to Defendant Klobuchar's motion. The deadlines for filing responses to the remaining motions have passed.

## II. DISCUSSION

A motion to dismiss may be made for "failure to state a claim upon which relief can be granted" and requires a court to review only the pleadings to determine whether the plaintiff has a viable claim. See Fed. R. Civ. P. 12(b)(6). However, where on a Rule 12(b)(6) motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Id.; see also Buck v. F.D.I.C., 75 F.3d 1285, 1288 & n.3 (8th Cir. 1996). In this case, the parties have offered and the Court has considered information outside the pleadings. Consequently, the motions to dismiss will be disposed of as provided in Rule 56.

Under Rule 56, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The facts are examined in the light most favorable to the non-moving party. See Id. at 255.

Title 42 U.S.C. § 1983 provides relief for deprivation of Constitutional and federal statutory rights by persons acting under color

of state law. Karen M. Blum & Kathryn R. Urbonya, Section 1983 Litigation 1 (1988). Thus, a § 1983 complaint must allege a particular violation of federal law. See, e.g., City of Oklahoma City v. Tuttle, 471 U.S. 808, 817 n.4 (1985). Section 1983 itself is not a source of substantive rights, but is a means of vindicating federal rights guaranteed elsewhere. See Albright v. Oliver, 510 U.S. 266, 271 (1994) (plurality opinion) (citation omitted).

In the present case, Plaintiff raises a 14th Amendment due process claim. For purposes of this motion, the Court assumes all of Plaintiff's allegations as true and thus there are no issues of material fact. See Fed. R. Civ. P. 56(c).

**A. Statute of Limitations**

The appropriate statute of limitations governing § 1983 cases is the relevant state's personal injury statue of limitations. See Arvidson v. City of Mankato, 635 F. Supp. 112, 113 (D. Minn. 1986) (citing Wilson v. Garcia, 471 U.S. 261, 105 (1985)). Minnesota has a two-year personal injury statute of limitations. See Minn. Stat. § 541.07(1).

Assuming Plaintiff was unconstitutionally deprived of his property, he was aware of such deprivation on February 18, 1998 when he received notice of the forfeiture of his property. At the very latest, the statute of limitations on Plaintiff's claim began to run once the related criminal case against him was dismissed on April 7, 1998.

The Court finds no basis for tolling the statute of limitations beyond April 7, 2000. See Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990) ("Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands."). Prior to April 7, 1998 Plaintiff knew that Hennepin County considered Plaintiff's property forfeited. After April 7, 1998 Plaintiff knew that his property was not being held as evidence in a criminal proceeding and Plaintiff knew or should have known that the County claimed the right to distribute Plaintiff's property.

Applying a liberal construction, the statute of limitations ran on Plaintiff's cause of action on April 7, 2000. Plaintiff did not file this civil action until December 4, 2000. Thus, regardless of the merits of Plaintiff's case, the action is barred by the statute of limitations and summary judgment should be granted to all Defendants on this basis.

**B. Amy Klobuchar as a Proper Party**

Amy Klobuchar was elected as Hennepin County Attorney in November 1998. Ms. Klobuchar assumed office in January 1999. Ms. Klobuchar was a private citizen when all of the alleged unconstitutional events transpired. Plaintiff does not plead facts that implicate personal liability on the part of Ms. Klobuchar.

The Court assumes that Plaintiff is suing Ms. Klobuchar in her official capacity. Ms. Klobuchar argues that even in her official

capacity, the Hennepin County Attorney, Hennepin County Attorney's Office, and Hennepin County Attorney Forfeiture Program are not entities capable of being sued. Because Ms. Klobuchar's Motion to Dismiss should be granted based on the running of the statute of limitations, we do not decide whether any of these entities are capable of being sued.[2]

**C. James Psomas as a Proper Party**

James Psomas is Warden of a New York City Department of Correction jail facility where Plaintiff is currently being held. Plaintiff was transferred to this facility in or around August 1998 after all of the alleged unconstitutional events had transpired. Plaintiff does not plead facts that implicate liability on the part of Warden Psomas in his individual or official capacities. Warden Psomas's motion for dismissal should be granted.

---

[2] The Court notes, however, that the cases cited by Ms. Klobuchar are not directly on point. The cases cited by Ms. Klobuchar are Maras v. City of Brainerd, 502 N.W.2d 69 (Minn. Ct. App. 1993); In re: Scott County Master Docket, 672 F. Supp. 1152 (D. Minn. 1987); Jacobs v. Port Neches Police Dept., 915 F. Supp. 842 (E.D. Tex. 1996); Buchanan v. City of Kenosha, 57 F. Supp. 2d 675 (E.D. Wis. 1989); and Hancock v. Washtenaw County Prosecutor's Office, 548 F. Supp. 1255 (E.D. Mich. 1982). In the cited cases, the plaintiffs were not directly challenging the constitutionality of the express laws, policies, and customs of the entities in question but rather unconstitutional acts of entity agents. See Monell v. Dep't of Soc. Serv. of the City of New York, 436 U.S. 658, 691 (1978) (allowing municipalities to be sued under § 1983 when official municipal policy causes a constitutional tort). In light of Monell and Brandon v. Holt, 469 U.S. 464 (1985), the Court is not convinced that Plaintiff has not effectively asserted liability on the suable entity that Ms. Klobuchar represents in her official capacity – be that entity the Hennepin County Attorney's Office or Hennepin County. See id. at 471-72 (holding that judgment against a public official in his or her official capacity imposes liability on the entity that the public official represents).

**D. Plaintiff's Motion For Return Of Forfeiture**

Because the statute of limitations on Plaintiff's claim has run, Plaintiff's Motion for Return of Forfeiture should be denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

(1) Defendant Amy Klobuchar's Motion to Dismiss (Doc. No. 7) should be **GRANTED**;

(2) Plaintiff's Motion for Return of Forfeiture (Doc. No. 10) should be **DENIED**;

(3) Defendant James Psomas's Motion to Dismiss (Doc. No. 15) should be **GRANTED**;

(4) Defendants Robert K. Olson, L. Holland, and Chris Bensen's Motion to Dismiss (Doc. No. 18) should be **GRANTED**; and

(5) Plaintiff Juan Bautista Pion's Complaint (Doc. No. 1) should be **DISMISSED WITH PREJUDICE**.

Dated: July 27, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Pursuant to Fed. R. Civ. P. 72 and D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by August 14, 2001, written objections which specifically identify the portions of this Report to which objection is being made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.